Violet Virginia Kohagen BORIS, administratrix d.b.n.c.t.a. of the estate of F. C. Kohagen, deceased, and Martha Armonies and Georgiana Callahan and Lyle Trucker, Plaintiffs,

v.

James R. MOORE and Hamilton Manufacturing Company, a corporation, Defendants.

Civ. A. No. 4724.

United States District Court
E. D. Wisconsin.

June 12, 1957.

As Amended June 17, 1957.

Culhane & Culhane, Minneapolis, Minn., and John J. Burke and Gerald P. Hayes, Sr., Milwaukee, Wis., of counsel, for plaintiffs.

Leonard, Street & Deinard, by Benedict S. Deinard, Minneapolis, Minn., Robert A. Hess, Milwaukee, Wis., of counsel, for defendant James R. Moore.

A. F. Rankin, Manitowoc, Wis., for defendant Hamilton Mfg. Co.

GRUBB, District Judge.

This action was brought to recover royalties under a patent and an injunction and equitable relief.

There is before the court the motion of the defendant Moore to dismiss this action as to him, under Rules 12(a) and 12(b), Fed.Rules Civ.Proc. 28 U.S.C.A., on the ground that the complaint fails to state a claim upon which relief can be granted, and alternatively for judgment on the pleadings, under Rule 12(c). This motion is brought at the conclusion of the trial in this case of the separate defense of laches, which was severed by order of this court pursuant to Rule 42(b).

Portions of the record relevant to this motion, in chronological order, are (with filing dates):

1. Complaint. June 10, 1949.

2. Defendant Moore's Motion to Dismiss on the Ground the Complaint Fails to State a Claim Against Him upon which Relief can be Granted. January 9, 1951.

3. At the hearing before Chief Judge Tehan, May 28, 1951, on that motion Counsel for the plaintiffs were asked by the Court,

"* * * Will you state what your claim against Moore is?

"Mr. Culhane: If the court will pardon me, we don't state any claim against Moore. We state that Moore assigned us partial interests in the royalty. No place do we state that Moore owes us any money or agreed to pay us anything. That is the complaint.

"Now, if our clients get anything as a result of the interest in the royalty it will be because the royalty has been worked and has earned, that is, the patent has been worked and has earned enough to pay the royalty. Now, we will get our interest out of that. We haven't any cause of action against Moore.

"* * * The Court: I don't want to make it unnecessarily arduous on you, but while I am on it you say there is no claim against Moore, there is no relief which you seek from Moore. Now, as I understand it, it would be under this motion all facts pleaded are assumed to be true and correct.

"Mr. Culhane: That is right.

"* * * The Court: I wish you would sum up again. I am thinking this over. You say you ask no relief against Moore, and that seems to be fairly clear from the pleadings only, there is no charge of fraud, there is no claim that he received moneys which he has withheld from you.

"Mr. Culhane: No.

"The Court: Although he would have the duty to do so.

"Mr. Culhane: No.

"The Court: You assert no claim against him, and yet you say he should stay in this lawsuit because he is not an indispensable party but a proper party.

"Mr. Culhane: I think the rule says 'necessary'. I suppose they are the same, but I think the rule says 'necessary' party, and so I am sticking to the rule. I think probably the two are the same. That is the decisions. I feel frank to tell you that I don't know of any decisions to the contrary, and I gave this some study; and I could be wrong, of course, but I think not.

"I think where you have a partial assignment, then you should make the assignor a party to the action based on the partial assignments at the time of the rights between the parties, although we are not asking any money judgment. That is our contention.

" * * * All we have here is our cause of action against Hamilton, and if there is anything that we are claiming, if there is anything that we are claiming that conflicts with Hamilton's interest, if it is only a stakeholder, all it has to do is put the money up and bring the other parties in; * * *."

4. Order Denying This Motion. September 28, 1951.

5. Defendant Moore's Answer. February 13, 1952.

6. Defendant Hamilton's Answer. March 10, 1952.

7. Plaintiffs' Motion for an Order That the Complaint Be Amended. November 28, 1952.

8. Order Denying This Motion. March 31, 1953.

9. Defendant Moore's Motion To Dismiss Or For Judgment On The Pleadings.

January 30, 1957. (It is this motion which is now before the Court.)

Defendant Moore's position is substantially that the complaint fails to state any claim against him upon which relief can be granted, and that the legal and factual situation is no different today from what it was on March 31, 1953, when Chief Judge Tehan entered an order denying plaintiffs' motion to amend the complaint as against the defendant Moore.

The plaintiffs' position is this: Chief Judge Tehan's order, denying Moore's motion to dismiss as to him, was justified by the evidence produced at the just-completed trial of the separate defense of laches, and particularly by Plaintiffs' Exhibit No. 391A (an Agreement between Stanley G. Harwood and James R. Moore, dated April 10, 1946); that defendant Moore is a necessary party because he is the assignor, or partial assignor, of the patent royalty rights upon which the plaintiffs have brought this action; that it is the duty of this court, under the liberal rules of the reformed procedure (under which the procedural distinction between law and equity is abolished) to review the whole record and the evidence that may be produced at a trial, and to grant the plaintiffs such legal or equitable relief as it develops they are entitled to receive. Plaintiffs contend that the demand for relief in the complaint does not conclude them, but is helpful in determining the relief to which they may be found to be entitled.

■ The two orders entered by Chief Judge Tehan, on September 28, 1951 and on March 31, 1953, must be considered together with this motion. The court is satisfied that the order of September 28, 1951, was entered because the defendants had filed no responsive pleadings as of that date, and the plaintiffs then had the opportunity to amend their complaint, to ask affirmative relief against defendant Moore, as a matter of right, pursuant to Rule 15(a). A recent Court of Appeals Seventh Circuit case specifically supports the proposition that a complaint may not

be dismissed for failure to state a cause of action before a responsive pleading has been served and filed, since the plaintiff enjoys a right under Rule 15(a) to amend, or attempt to amend, his complaint at this time. Peckham v. Scanlon, 7 Cir., 1957, 241 F.2d 761, states that this is the rule even where there is no possibility that the deficient complaint can be amended to state a cause of action. The plaintiffs did not take advantage of that opportunity to amend. It was only in November, 1952, long after the Answers had been filed, that plaintiffs moved to amend the complaint to allege that royalties, in an unknown amount, had been paid to the defendant Moore, and that no part of such royalties had been paid to the plaintiffs, or any one of them, although they claimed a total 65% interest in all such royalties. At this time the defendant Moore was able to establish that he would be prejudiced if the Motion were granted.

The facts in this regard were: That F. C. Kohagen had died between the time the action was commenced and the date of the proposed amendment; That Moore had foregone his opportunity to cross-examine or to take more complete depositions of him; That the Court also had before it the affidavit of Benedict Deinard, Moore's counsel, dated December 13, 1952, which stated that F. C. Kohagen was not examined with respect to the "details of (his) relationship to Moore," nor was any attempt made to impeach his testimony; That if an amendment of the sort sought were allowed, Moore would be deprived of his right of confrontation and that Moore could be prejudiced in this event by operation of the "dead man's" statute of Wisconsin, Section 325.16; That F. C. Kohagen was perhaps the principal party plaintiff, having previously filed a joint patent application with Moore, having caused an interference proceeding in the Patent Office against Moore as to another application, and having brought an ac-

tion in a state court in Minnesota against Moore and other persons.

There is the further fact that appears to be well established, that the defendant Hamilton is financially responsible, and has been financially responsible at all times involved in the instant action. There is no evidence in the record to the contrary.

■ With regard to the plaintiffs' contention that an assignor or partial assignor is a necessary party, the law is that only the debtor (Hamilton) is in a position to urge the rule, to prevent a multiplicity of lawsuits against it. This it has failed to do.

Without a doubt, if Moore had renewed his motion to dismiss as to him, or for judgment on the pleadings following the order of Chief Judge Tehan, dated March 31, 1953, that motion would have been granted at that time.

Chief Judge Tehan's order, denying the motion to amend, dated March 31, 1953, stated:

"(Defendant Moore ,relied) upon the fact that the pleadings asked no affirmative relief from Moore, and * * * upon the repeated and unequivocal statements made in open court by plaintiffs' counsel that plaintiffs did not claim any money judgment against Moore, * * *."

A decision of the Court of Appeals, Kohagen v. Harwood, 185 F.2d 276, 278, handed down in this case on November 30, 1950,[1] states:

"The most favorable view which can be had of the right which plaintiffs assert is that they are entitled to recover a judgment against Hamilton in an undisclosed amount for royalties upon dryers manufactured and sold by it."

It would seem to be conclusively established that the plaintiffs' complaint asks neither a money judgment, nor any affirmative relief, against the defendant Moore. It appears to be as well estab-

[1]. The plaintiffs appealed from an order of this court, dated May 18, 1950, quashing service upon, and striking the names of, two persons no longer parties to this action.

lished in Chief Judge Tehan's order of March 31, 1953, that the plaintiffs may not amend their complaint to state such a cause of action. It is within this context that the instant motion must be decided.

The court will consider, first, the contentions of the plaintiffs:

The court is satisfied that the evidence produced at the just-completed trial of the separate defense of laches, and particularly Plaintiffs' Exhibit No. 391A, does not change the significance of Chief Judge Tehan's order of September 28, 1951, nor does it establish that Moore is a "necessary party" because of being a partial assignor. (The subject of indispensable parties is discussed in the decision on the issue of laches.) Plaintiffs' Exhibit No. 391A establishes only that, as of April 10, 1946, the parties to that Agreement (Moore and Harwood) contracted that since a date in 1938, Harwood became the legal owner of Moore's patent applications in the United States and Canada, and held this legal title in trust for Moore and himself; that Moore may have received patent royalties pursuant to this Agreement (giving the plaintiffs the benefit of the most favorable construction the court will assume that Moore did so receive royalties); that Moore and Harwood were aware, as of that date, that certain unidentified persons had made claims adverse to the interests of Moore, Harwood and one Griswold in the royalties and profits involved in this present litigation, and that these unidentified persons might assert their claims by suit or otherwise.

The complaint, itself, alleges that the letters patent in question, issued either to Moore *or to his assignee*. Chief Judge Tehan's order of March 31, 1953, precludes the plaintiffs from alleging any claim against Moore for royalties paid to him. The reference in Plaintiffs' Exhibit No. 391A to "unknown" persons' adverse claims does not change the situation presented to Chief Judge Tehan in any material respect.

■ The court is of the opinion that the rule that the assignor, or partial assignor, of the patent royalty rights upon which the plaintiffs have brought the instant action (i. e. defendant Moore) is a necessary party to this action has no application to this action, even if correct. Plaintiffs cite 3 Moore's Federal Practice 19.14(1), pp. 2177–78, to support this proposition. That citation actually supports only the rule that an assignee is normally the real party in interest, but that local law may qualify the right of the assignee of a claim, as a tort claim, in such way that the assignor becomes an indispensable party to the action. A footnote then refers to 3 Moore's Federal Practice 17.09, pp. 1334–1351, and to Rogers v. Penobscot Mining Co., 8 Cir., 1907, 154 F. 606.

■ Plaintiffs have relied upon the Penobscot case in connection with this point. These citations support the propositions that Rule 17(a) changes the Common Law rule, that an action on an assigned chose in action had to be prosecuted in the name of the assignor. Now Federal courts hold that an unconditional assignee of a complete chose in action is the real party in interest. This is the rule in many, if not most, states. The rule with respect to partial assignments is that for the protection of *the debtor* (Hamilton in the instant case), the partial assignor of a chose in action should be joined with the assignee. This rule should be applied only upon the insistence of *the debtor,* and his failure to object seasonably is a waiver.

■■ Plaintiffs' contention that the liberal rules of the reformed procedure (under which Rule 2 abolishes the procedural distinction between law and equity) require a court to keep a named party in an action until the trial has been heard, and then must review the entire record to determine whether it has developed that any legal or equitable relief is warranted, is, standing alone, an incorrect statement of the law. A case in point is Rutherford v. National Indemnity Co., D.C.Mo.1953, 113 F.Supp. 640, 641, in which the court disregarded the prayer for relief in an action on a contract brought by a person not in privity,

and awarded equitable relief to which the plaintiff was entitled, and which he could have demanded had he brought the action for equitable relief under a certain statute. However, and it is this point which the plaintiffs appear to have missed, the case also said:

"* * * (the complaint) is not subject to dismissal for failure to state necessary facts. The complaint is not subject to dismissal for failure to plead a claim showing plaintiff is entitled to relief under the statute. That is all the rules of procedure require." (Parenthesis supplied.)

In this case, the plaintiff met these two requirements. This case then went on to say that since these two preliminary requirements had been met, there was no objection to giving equitable relief, although the action was brought at law on the face of the complaint. That is the point. *Apart from the fact that the procedural distinction between law and equity is abolished, it is still essential to state a claim upon which relief can be given, or the complaint is liable to dismissal.*

It is true that the demand for relief does not conclude the plaintiffs. Rule 54(c) allows a party in whose favor a final judgment is entered the relief to which he is entitled. Rule 8(a) (2) equally requires, as a prerequisite to any relief being given at all, that a pleading state:

"a short and plain statement of the claim showing that the pleader is entitled to relief, * * *."

It is to this consideration, and to the contentions of the defendant Moore on this motion, to which the court will now address itself.

■ The general principles applicable to this motion are well settled. They are clearly and concisely expressed in two cases by the United States Court of Appeals (7th). Asher v. Ruppa, 7 Cir., 1949, 173 F.2d 10, states that upon a motion of this sort, the complaint must be construed most favorably to the plaintiff,

with doubts resolved in his favor, and the allegations accepted as true. The complaint should not be dismissed if it can reasonably be conceived that the plaintiff may be entitled to some relief. Carroll v. Morrison Hotel Corporation, 7 Cir., 1945, 149 F.2d 404, states, substantially, the same rules in a case involving precisely a motion brought under Rule 12(b) (c).

According to Sheridan-Wyoming Coal Co. v. Krug, 1948, 83 U.S.App.D.C. 162, 168 F.2d 557, 559,

"The minimum under the Rule [i. e. Rule 8(a) (2)] is that the adversary party must be sufficiently advised to prepare his defense, and that the court must be sufficiently informed to determine the question presented."

The question before the court, in the instant case, is whether the complaint states sufficient facts to establish a claim upon which the plaintiffs could conceivably be entitled to relief against Moore.

A construction of the complaint in this case most favorable to the plaintiffs, and otherwise in accordance with the rules expressed above, establishes: That the plaintiffs and defendant Moore are citizens of different states, and the amount involved is in excess of $3,000; That the plaintiffs purchased a total 65% interest in any royalties that might be derived from the manufacture and sale of the patented device in question; for a valuable consideration, and prior to October, 1937; That during November, 1938, the defendant Moore assigned manufacture and sale rights in the patented device in question to one Griswold, at a royalty of $3 per machine, except that the first six-thousand-odd dollars were to be paid to one Storm Mfg. Co.; That during this same month one Imperial Corp., as the agent of defendant Hamilton, acquired for Hamilton the manufacture and sale rights of Griswold at the same $3 per machine royalty; That Hamilton manufactured and sold in excess of fifteen thousand units of the machines in question, upon which the said $3 per machine royalty was to be paid; That in Febru-

ary, 1939, Griswold assigned to one Harwood all his rights under the Moore assignment and the Imperial contract; That previous to the assignment and the Imperial contract, hereinbefore mentioned, Griswold, Imperial, Harwood, and defendant Hamilton had actual notice of the plaintiffs' claimed interests; That plaintiffs have received no portion of any royalties to be paid by the defendant Hamilton, or others. Plaintiffs pray a determination of their interests, an accounting to the plaintiffs for all accrued royalties, a restraining order against Hamilton only, and other just and equitable relief. This complaint must be read within the context of Chief Judge Tehan's orders of September 28, 1951, and March 31, 1953, as well as the decision of the Seventh Court of Appeals, dated November 30, 1950, *and the statements of plaintiffs' counsel made in open court* (referred to in summary in Chief Judge Tehan's order of March 31, 1953).

This court concludes that the most favorable view, which can be had of the claims which plaintiffs assert against Moore, and upon which relief can be granted, is that the plaintiffs might have had a claim against him for part of the amount of royalties paid to him. Plaintiffs' difficulty here is that they are specifically precluded from asserting any such claim by Chief Judge Tehan's order of March 31, 1953, which denied plaintiffs' Motion,

> " * * * for leave to amend their complaint asking in substance for affirmative relief against the defendant, Moore, upon the ground of having only recently obtained the information that Moore had an interest in the patent and that he had re-

ceived and was receiving royalties from the licensing of the patent; * * * ."

In the order denying plaintiffs' Motion for leave to amend the complaint, entered March 31, 1953, Judge Tehan pointed out that the plaintiffs had failed to show that their long delay in tendering their proposed amendment had been due to oversight, inadvertence or excusable neglect. That amendment, at that late date, would have irreparably prejudiced the rights of the defendants, in that the defendants had forsaken their right to examine and confront the witness Kohagen, who, at that time, was deceased. He pointed out the repeated and unequivocable statements in open court by plaintiffs' counsel, that plaintiffs did not claim any money judgment against Moore.

This court cannot very well allow a construction of a complaint to include a claim that a separate order of the same court has previously prohibited the plaintiffs from asserting by amendment. Any other rule would, in effect, subvert the operation and effect of Rule 15(a), by which amendments to pleadings may be made only "by leave of court" after a responsive pleading has been served.

In a decision of even date, 152 F.Supp. 602, the court concluded that Moore (or his nominee or assignee) was an indispensable party to this action for the reasons stated therein. This conclusion in no way mitigates against dismissal as to Moore since even an indispensable party cannot be kept in a case if there is no claim against him upon which relief can be granted.

For which reasons this court grants judgment for the defendant Moore upon the pleadings, pursuant to Rule 12(c).[2]

---

2. Authority of the sort expressed in Brown v. W. T. Grant Co., D.C.N.Y.1943, 53 F.Supp. 182, is to the effect that a motion under Rule 12(b) (6) is not proper after the pleadings are closed, but that it may be treated as being under Rule 12(c).