253 F.2d 523
 117 U.S.P.Q. 66
 Violet Virginia Kohagen BORIS, Administratrix D.B.N.C.T.A.
of the Estate of F. C. Kohagen, Deceased, and
Martha Armonies and Georgiana Callahan
and Lyle Trucker, Plaintiffs-Appellants,
v.
James R. MOORE, Defendant-Appellee.
 No. 12147.
 United States Court of Appeals Seventh Circuit.
 March 27, 1958.
 
 Michael L. Culhane, M. E. Culhane, James E. Culhane, Minneapolis, Minn., John J. Burke, Gerald P. Hayes, Milwaukee, Wis., for appellants.
 Robert A. Hess, Milwaukee, Wis., Benedict S. Deinard, Minneapolis, Minn., for appellee.
 Before SCHNACKENBERG and HASTINGS, Circuit Judges, and WHAM, District judge.
 HASTINGS, Circuit Judge.
 
 
 1
 This was a diversity of citizenship action[1] brought to recover royalties under a patent and for an injunction and other equitable relief. At the conclusion of a separate trial before the court on the affirmative defense of laches interposed by each defendant (Moore and Hamilton Manufacturing Company), upon motion of the defendant-appellee Moore the court dismissed this action as to him on the ground that the complaint failed to state a claim against him upon which relief could be granted. The court thereupon rendered judgment for Moore upon the pleadings, pursuant to Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A. From such judgment of dismissal this separate appeal is taken.[2]
 
 
 2
 The ultimate issue before the court now is whether the complaint in this case states a claim against Moore upon which relief could be granted although under our affirmance of the dismissal as to Hamilton in the companion appeal (see note 2), the question in the instant case may have become moot.
 
 
 3
 We shall not repeat here the background of this litigation and the findings of facts which are set forth in our opinion in the Hamilton case. The district court did not determine the issue of laches as to Moore.
 
 
 4
 The complaint herein was filed on June 10, 1949, and on January 9, 1951 Moore filed his separate motion to dismiss on the ground that it failed to state a claim against him upon which relief could be granted. At a hearing on this motion before Chief Judge Tehan on May 28, 1951, the court below asked plaintiffs' counsel the nature of their claim against Moore. Counsel then advised the court that they did not state any claim against Moore; that Moore had not agreed to pay them any money and did not owe them anything; that all they had was a cause of action against Hamilton and that they were not asking any relief against Moore; and that Moore was named as a defendant because he had assigned plaintiffs a partial interest in the royalties and was a necessary party.
 
 
 5
 On September 28, 1951, Judge Tehan overruled Moore's motion to dismiss because defendants at that time had not filed any responsive pleadings, and under Rule 15(a), Federal Rules of Civil Procedure, 28 U.S.C.A. plaintiffs had the right to amend. Cf. Peckham v. Scanlon, 7 Cir., 1957, 241 F.2d 761, 764. Moore filed his answer on February 13, 1952 and Hamilton answered on March 10, 1952. Plaintiffs did not take advantage of their opportunity to amend until November 28, 1952, more than eight months after the last answer had been filed. Their motion at that time asked leave to amend the complaint seeking relief against Moore for the payment of royalties allegedly due them from Moore. On March 31, 1953 Judge Tehan denied this motion to amend because of prejudice that would have resulted to Moore's defense if it had been allowed at that time. Kohagen had dealt directly with Moore in the questioned transactions and had died between the time the action was commenced and the date of the motion to amend. In the interim Moore had taken Kohagen's deposition and had foregone the opportunity to question him about any claim for affirmative relief because supposedly no such relief was sought. That right to question Kohagen on this matter was now barred.
 
 
 6
 In the meantime, Judge Grubb had succeeded Judge Tehan in the case, and in his opinion sustaining the motion to dismiss now before us, he construed the complaint in the light of all that had previously taken place.[3]
 
 
 7
 We hold that Judge Tehan did not abuse his discretion in denying plaintiffs' motion to amend their complaint in his order of March 31, 1953. We hold further that Judge Grubb did not err in finding that the complaint does not state a claim against Moore upon which relief could be granted, and in dismissing the complaint as to Moore. See Kohagen v. Harwood, 7 Cir., 1950, 185 F.2d 276, 278, 30 A.L.R.2d 201, where in a prior appeal by plaintiff to this court we said: '* * * The most favorable view which can be had of the right which plaintiffs assert is that they are entitled to recover a judgment against Hamilton in an undisclosed amount for royalties upon dryers manufactured and sold by it.'
 
 The judgment below is
 
 8
 Affirmed.
 
 
 
 [1]
 The original plaintiffs, F. C. Kohagen, Martha Armonies, Georgiana Callahan and Lyle Trucker, filed their complaint on June 10, 1949, against James R. Moore, Stanley Harwood, Imperial Appliance Corporation and Hamilton Manufacturing Company. F. C. Kohagen died February 22, 1952, and Alma Alexandria Kohagen, executrix of his estate, was made a party plaintiff. Following her death on April 6, 1957, she was succeeded as a party plaintiff by Violet Virginia Kohagen Boris, administratrix d.b.n.c.t.a. of the estate of Fred C. Kohagen, deceased, who with the other three plaintiffs are appellants herein. Defendants, Stanley Harwood and Imperial Manufacturing Company were served outside the State of Wisconsin, and they appeared specially and challenged the court's jurisdiction over them. The district court sustained such special appearances, and, on appeal, our court affirmed on November 30, 1950, in Kohagen v. Harwood, 7 Cir., 185 F.2d 276, 30 A.L.R.2d 201. The action continued in the district court against Moore and Hamilton
 
 
 [2]
 On the same date the complaint was dismissed as to defendant, Hamilton Manufacturing Company, on a finding of laches. That action is the subject of a separate appeal to this court by these same plaintiffs in No. 12148, entitled Boris v. Hamilton Manufacturing Company. In a separate opinion in that case, on this date, we affirmed the lower court in sustaining the defense of laches, 253 F.2d 526, and we shall refer to that decision hereinafter as the 'Hamilton case.'
 
 
 [3]
 'A construction of the complaint in this case most favorable to the plaintiffs, and otherwise in accordance with the rules expressed above, establishes: That the plaintiffs and defendant Moore are citizens of different states, and the amount involved is in excess of $3,000; That the plaintiffs purchased a total 65% interest in any royalties that might be derived from the manufacture and sale of the patented device in question; for a valuable consideration, and prior to October, 1937; That during November, 1938, the defendant Moore assigned manufacture and sale rights in the patented device in question to one Griswold, at a royalty of $3 per machine, except that the first six thousand-odd dollars were to be paid to one Storm Mfg. Co.; That during this same month one Imperial Corp., as the agent of defendant Hamilton, acquired for Hamilton the manufacture and sale rights of Griswold at the same $3 per machine royalty; that Hamilton manufactured and sold in excess of fifteen thousand units of the machines in question, upon which the said $3 per machine royalty was to be paid; That in February, 1939, Griswold assigned to one Harwood all his rights under the Moore assignment and the Imperial contract; That previous to the assignment and the Imperial contract hereinbefore mentioned, Griswold, Imperial, Harwood, and defendant Hamilton had actual notice of the plaintiffs' claimed interests; That plaintiffs have received no portion of any royalties to be paid by the defendant Hamilton, or others. Plaintiffs pray a determination of their interests, an accounting to the plaintiffs for all accrued royalties, a restraining order against Hamilton only, and other just and equitable relief. This complaint must be read within the context of Chief Judge Tehan's orders of September 28, 1951, and March 31, 1953, as well as the decision of the Seventh Court of Appeals, dated November 30, 1950, and the statements of plaintiffs' counsel made in open court (referred to in summary in Chief Judge Tehan's order of March 31, 1953)
 'This court concludes that the most favorable view, which can be had of the claims which plaintiffs assert against Moore, and upon which relief can be granted, is that the plaintiffs might have had a claim against him for part of the amount of royalties paid to him. Plaintiffs' difficulty here is that they are specifically precluded from asserting any such claims by Chief Judge Tehan's order of March 31, 1953, which denied plaintiffs' Motion, '* * * for leave to amend their complaint asking in substance for affirmative relief against the defendant, Moore, upon the ground of having only recently obtained the information that Moore had an interest in the patent and that he had received and was receiving royalties from the licensing of the patent; * * *. " Boris v. Moore, D.C.E.D.Wis.1957, 152 F.Supp. 595, 600.