John T. DUNLOP, Secretary of Labor,
United States Department of
Labor, Plaintiff,

v.

BELOIT COLLEGE, a corporation,
Defendant.

No. 75–C–330.

United States District Court,
W. D. Wisconsin.

Feb. 23, 1976.

Herman Grant, Regional Sol., U. S. Dept. of Labor by Steven E. Walanka, Chicago, Ill., for plaintiff.

Seyfarth, Shaw, Fairweather & Geraldson by Grady B. Murdock, Jr., Chicago, Ill., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, District Judge.

This is a civil action for injunctive relief, brought pursuant to 29 U.S.C. § 206(d)(1), the Fair Labor Standards Act of 1938, as amended. Plaintiff seeks to enjoin defendant from violating the provisions of § 15(a)(2) of the Act and to restrain defendant from any withholding of compensation found by the court to be due under the Act.

Plaintiff contends that defendant has violated and is continuing to violate the provisions of §§ 6(d) and 15(a)(2) of the Act by discriminating among its employees on the basis of sex, paying female employees lower wages than male employees for equal work.

Defendant has moved to have the complaint dismissed on the ground that plaintiff has failed to join a party in whose absence complete relief cannot be accorded.

In its brief, defendant alleges that at all material times the wages, hours and working conditions of its employees have been established by collective bargaining between defendant and the employees' recognized bargaining agent, Beloit College Employees, Local 591, Wisconsin Council of County and Municipal Employees, American Federation of State, County and Municipal Employees, AFL–CIO (the Union). Defendant contends that because the Union participated in the negotiation and contractual establishment of the wage rates which are at issue, the Union is an indispensable party to this litigation. Defendant alleges that the Union not only participated in the setting of the allegedly discriminatory wage rates, but refused to concur with the wage increase which defendant intended to propose as a settlement offer to plaintiff, and that on April 18, 1975, and again on September 19, 1975, the Union agreed to extend the 1974 collective bargaining agreement containing the allegedly discriminatory wage rates.

In support of its motion to dismiss, defendant contends that the Union is a necessary person to be joined under Rule 19(a), Federal Rules of Civil Procedure, that, for reasons of substantive law, it is not feasible to join the Union as a party, and therefore, in equity and good conscience, the court should dismiss this action so as to avoid prejudice and harassment to defendant.

More particularly, defendant contends that the Union is a necessary party to the lawsuit for these reasons: Disposition of the case in the Union's absence may leave defendant subject to a substantial risk of incurring inconsistent obligations, as the Union may institute an action against defendant to enforce the collective bargaining agreement and to maintain the allegedly discriminatory wage rate differentials. Complete relief cannot be accorded in the absence of the Union as the facts may establish that the Union was at least partially responsible for payment of a share of the eventual judgment and defendant would then have to pursue an additional action

against the Union to collect the Union share, or the facts may establish that the Union is a necessary party to any court order for prospective injunctive relief. Finally, disposition of this matter in the Union's absence will impair or impede the Union's ability to protect its own interests, as the disposition of the case will necessarily result in a determination of the legality of the collective bargaining agreement to which the Union is a party and will render the Union virtually defenseless to any similar claim for prospective injunctive relief which plaintiff might bring against the Union in a subsequent action.

Defendant contends that joinder of the Union is not feasible as it is the exclusive right of the Secretary of Labor to institute injunctive proceedings under § 17, that the courts are powerless to compel the Secretary to exercise that right, and therefore, joinder of the Union could not be accomplished in this action.

Defendant contends that the action should be dismissed pursuant to Rule 19(b) because the action would prejudice the Union, because it would not be possible to frame an order which would protect adequately the interest of the absent Union, because any judgment which does not adjudicate the interests of the absent Union would be inadequate, and because other remedies are available to the Secretary.

Attached to defendant's motion to dismiss are exhibits which appear to be copies of letters between defendant's vice-president for business and the District Representative for the Union. One of these letters, dated April 18, 1975, addressed to the vice-president, reads as follows:

Dear Mr. Morgan:

The officers of Local 591 and myself have recommended to the membership of the Local to extend the 1974 Labor Agreement through August 31, 1975, due to the economic depression of Beloit College. The membership did accept our recommendation through their vote.

With this extension, it is our understanding that wages, hours and conditions of employment will remain in full force and effect through August 31, 1975. We will request to meet with the Employer prior to August 31st in behalf of our membership's economic condition.

I have, also, with the officers of the local, submitted your letter of April 10, 1975 to the Maids, relative to your proposed settlement to the Department of Labor. The Maids have voted unanimously to reject the 90 cent per hour over a three (3) year term to June 1, 1977. As their representative, I felt it only proper that it be their concurrence or nonconcurrence, not mine.

Sincerely,

/s/ Darold O. Lowe
District Representative

Defendant appears to be arguing in this motion that it had no practical choice but to accede to the Union's demands to keep the prior agreement in effect and thus, to maintain the wage differentials. My own reading of the letter from the District Representative leads me to believe that the two matters, the extension of the collective bargaining agreement and the raising of the wages paid to the female Maids, were not so inextricably intertwined as defendant asserts. It appears from the letter that the Union had agreed to accept the extension of the agreement (which appears to have been at defendant's request) and, in a separate action, the Maids had rejected the specific proposal which defendant had intended to offer to plaintiff for his approval. There is no indication in the letter that the extension of the collective bargaining agreement would preclude consideration by the Maids of additional proposals to remedy their past discrimination.

Defendant's exhibits raise certain questions about the procedures to be followed in deciding a motion based on the asserted defense of failure to join a party indispensable under Rule 19. Although there is little in the Federal

Rules which sets forth the manner in which a claim of indispensability is to be established, it seems clear that, at a minimum, a defendant must produce evidentiary materials from which a court could make the findings of fact on which the claim is based. In this case, defendant has submitted no evidentiary materials such as depositions, affidavits, or certified copies of documents. It is only the assertions of defendant's counsel which even suggest the existence of a Union; the complaint says nothing about one.

The lack of a factual record would warrant delay of a decision on defendant's motion pending development of the facts underlying its claim that the Union is an indispensable party, if it seemed likely that defendant would prevail ultimately on its motion. Since it does not seem likely that defendant will succeed even if it is able to prove as facts all of the allegations in its brief, I believe it is in the interest of justice to decide the motion at this time.

■ For the purpose only of deciding this motion, I will assume that the facts to be developed would establish that the Union actively and knowingly participated in the negotiation of a collective bargaining agreement which contained discriminatory wage rate differentials and, moreover, that the Union refused to meet with defendant to negotiate a new collective bargaining agreement which would incorporate nondiscriminatory wage rates, offering instead only to extend the existing agreement.

Even making these assumptions, I see no basis for concluding that the Union is a necessary or indispensable party to this lawsuit in whose absence it would be inequitable to proceed.

■ Defendant contends that to dispose of this case without joining the Union may leave defendant subject to a substantial risk of incurring inconsistent obligations, as the Union may bring suit against defendant to enforce precisely the terms of the collective bargaining agreement. A determination by this court that defendant had been discriminating in its wage rates against certain female employees would require the defendant to adjust the wage rates of those employees to the level of the male employees performing equal work. The defendant's obligation to pay the adjusted rate would supersede any obligation which it had under a collective bargaining agreement just as a raise in the national minimum wage rate would supersede provisions for lower wages which might exist in collective bargaining agreements. The minimum wage and equal pay provisions of the Fair Labor Standards Act cannot be waived by private agreements between employers and employees or between employers and labor unions. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707, 65 S.Ct. 895, 902, 89 L.Ed. 1296, 1309 (1945); *Satterwhite v. United Parcel Service, Inc.*, 496 F.2d 448 (10th Cir. 1974), *cert. den.*, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); *Brennan v. Board of Ed., Jersey City, New Jersey*, 374 F.Supp. 817 (D.N.J.1974); *Hodgson v. Sagner, Inc.*, 326 F.Supp. 371 (D.Md.1971), aff'd *sub nom., Hodgson v. Baltimore Reg. Jt. Board*, 462 F.2d 180 (4th Cir. 1972).

■ Were the Union to bring suit against defendant to challenge the payment of higher, equalized wage rates to female employees after a judicial determination that defendant was obligated to equalize its wage rates, such a suit would have to be characterized as frivolous. The risk of being party to a frivolous lawsuit is not the "substantial" risk contemplated by Rule 19.

■ It should be noted that if defendant is found to have discriminated against female employees in its wage scales, the equalization of those pay scales will not be at the expense of the male employees. 29 U.S.C. § 206(d)(1) specifically prohibits equalizing illegal wage rate differentials by reducing the wage rate of other employees. This provision of § 206 distinguishes this case from those cases involving the proper distribution of a fixed sum of money or to a particular fund, in which joinder of

all interested parties has been held to be essential to the maintenance of the lawsuit. *Cf., e. g. Boris v. Moore*, 152 F.Supp. 602 (E.D.Wis.1957), aff'd on other grounds, 253 F.2d 523 (7th Cir. 1958) (determination of percentage of ownership of royalty rights arising out of a patent monopoly).

Defendant also contends that complete relief cannot be afforded in the Union's absence: the Union may be found to be partly responsible for the wrong, in which case it should be liable for at least a portion of any back wages claim and it should be enjoined from future wrongdoing. Defendant argues that there is an explicit statutory basis for union liability under § 206(d)(2),[1] as interpreted in 29 C.F.R. § 800.106,[2] making the Union an appropriate party to an order for equitable relief, including an order requiring the relinquishment of wrongfully withheld funds. Defendant cites *Hodgson v. Sagner, Inc., supra*, in support of its contention that the Union could be held liable for withheld wages if the facts established that the Union had acted wrongfully. In *Sagner*, the district court held that a union which was found to have violated § 206(d) could be made to give up wrongfully withheld funds under the court's general equity powers. The facts of the *Sagner* case are distinguishable from the facts alleged by defendant in this case, however. In the *Sagner* case, the court found that the union and the employer had agreed that the employer had violated the Equal Pay Act with respect to 22 female cutters and markers, that the union proposed that the employer pay the 22 female employees a portion of what was due them, but distribute the remaining portion among the other employees as a general wage increase, and that the employer agreed to such a distribution. On these facts the court found it within its power to order the union to relinquish at least a portion of the wages which had never been paid to the female employees. In the case before the court, there is no allegation that any of the allegedly wrongfully withheld wages have been improperly distributed by the union or are otherwise in the constructive or actual possession of the union.

In *Sagner*, the Secretary of Labor made the union a defendant at the commencement of the suit. It is clear that joinder of the union and employer is permissible under the Act and under the Federal Rules. It does not follow from this however, that joinder is compulsory. It is generally understood that the liability of joint tort-feasors is both joint and several, so that while joinder of joint tort-feasors is permissible, it is not compulsory. 3A Moore's Federal Practice 19.07[1], p. 2226 [1974]; Prosser, Law of Torts, pp. 260–265 [3d Ed. 1964]. Nothing in the Fair Labor Standards Act indicates that Congress intended that wrongdoers under that Act should not be liable both jointly and severally.

Defendant argues that proceeding in the absence of the Union may lead to

---

1. The provision reads as follows:
 No labor organization, or its agents, representing employees of an employer having employees subject to any provisions of this section shall cause or attempt to cause such an employer to discriminate against an employee in violation of paragraph (1) of this subsection.

2. § 800.106 states that
 [A] labor organization and its agents must refrain from strike or picketing activities aimed at inducing an employer to institute or maintain a prohibited wage differential, and must not demand any terms or any interpretation of terms in a collective bargaining agreement with such an employer which would require the latter to discriminate in the payment of wages contrary to the provisions of section 6(d)(1). Section 6(d)(2), together with the special provision in section 4 of the Equal Pay Act of 1963 allowing a deferred effective date for application of the equal pay provisions to employees covered by specified existing collective bargaining agreements (see § 800.101) are indicative of the legislative intent that in situations where wage rates are governed by collective bargaining agreements, unions representing the employees shall share with the employer the responsibility for ensuring that the wage rates required by such agreements will not cause the employer to make payments that are not in compliance with the equal pay provisions.

additional lawsuits, as defendant may wish to pursue a claim against the Union for contribution. I will assume for the purpose only of deciding this motion, that defendant would have a cause of action against the Union upon which it could bring suit (see the dicta to this effect in *Wirtz v. Hayes Industries, Inc.,* 58 LC 32.085 (N.D.Ohio 1968); see, also, *Murphy v. Miller Brewing Company,* 307 F.Supp. 829 (E.D.Wis.1969), *aff'd sub nom., Hodgson v. Miller Brewing Company,* 457 F.2d 221 (7th Cir. 1972) ). The possibility of such a cause of action does not itself require that the claims be joined, anymore than the possibility of a third party claim against another joint feasor compels joinder of the additional tortfeasor.

 Defendant finally contends that the Union is a necessary party because disposition of the case in its absence will impair the Union's interests. Defendant asserts that the disposition of this case necessarily will require a determination of the legality of the collective bargaining agreement to which the Union is a party and that if the agreement is found to violate the Act, the Union will be completely defenseless to any subsequent claim for money damages by the Secretary. To state the argument is to reveal its vulnerability. It is elementary that persons not parties to a lawsuit are not bound by the determinations made in that lawsuit, but even if the Union were precluded from challenging a prior determination of the legality or illegality of the provisions of the collective bargaining agreement, it would not follow automatically that the Union was responsible for those provisions or that it otherwise acted in such a way as to make it liable for money damages.

Having decided that the Union is not a necessary party to this lawsuit within the meaning of Rule 19(a), Federal Rules of Civil Procedure, I need not take up defendant's remaining contentions relating to the propriety and good faith of allowing the lawsuit to proceed in the Union's absence, except to note that it is highly unlikely that dismissal of the suit would be the consequence of a finding that the Union was necessary. Had such a finding been reached, plaintiff would have been afforded an opportunity to amend his complaint and, in all likelihood, would choose to join the Union rather than risk having the suit dismissed. *Cf., Hodgson v. School Board, New Kensington-Arnold School District,* 56 F.R.D. 393 (W.D.Pa.1972).

On the basis of the foregoing discussion, it is ORDERED that defendant's motion to dismiss is HEREBY DENIED.