James McCOOE

v.

TOWN OF MANCHESTER, et al.

Civ. No. H-83-944 (PCD).

United States District Court, D. Connecticut.

March 23, 1984.

Sally Kirtley, Jeffrey S. Hammer, Peter F. Helwig, Neighborhood Legal Services, Hartford, Conn., for plaintiff.

Barry W. Botticello, Asst. Town Atty., Manchester, Conn., for defendants.

## RULING ON DEFENDANTS' MOTION TO ADD A PARTY DEFENDANT

DORSEY, District Judge.

This is an action under the Age Discrimination in Employment Act (ADEA), the Civil Rights Act of 1871, 42 U.S.C. § 1983, and the Equal Protection Clause of the fourteenth amendment. For his allegedly unlawful involuntary retirement, plaintiff seeks injunctive relief, back pay, reinstatement and other damages from the defendant town, its general manager, and its police department. Defendants have moved[1] to join the town's police union as a party defendant. To the extent set forth below, the motion is granted.[2]

*Facts*

Plaintiff alleges that he was involuntarily retired as a Community Relations Officer for the Manchester Police Department solely because he reached the mandatory retirement age established in the pension ordinance of the town code, 60.

On the basis that the ordinance incorporated provisions of a collective bargaining agreement between the town and the Manchester Police Union, Local No. 1495, and that any judgment or settlement of this action may create a substantial risk of an unfair labor practice claim by the union, the defendants seek to have the union added as a necessary party defendant so as to bind it to any judgment or settlement in this matter. Plaintiff objects on the ground that his complaint includes no allegations against the union or involving the collective bargaining agreement, and defendants have failed to meet their burden under Fed.R.Civ.P. 19.

*Discussion*

Rule 19(a) provides in part as follows: PERSONS TO BE JOINED IF FEASIBLE

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

■ Determinations under Rule 19 are to be made in the practical context of each particular case, leaving to the sound discretion of the court the question of how the action should best proceed under the circumstances. *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968).

1. Defendants' supporting memorandum, although filed contrary to Rule 9(a), Local Rules of the District Court for the District of Connecticut, several weeks after the motion and some time after the expiry of a briefing schedule and the filing of plaintiff's opposing memorandum, nonetheless has been considered by the court.

2. Plaintiff's request for oral argument is denied.

Defendants argue that a judgment for the plaintiff would bar the enforcement of the ordinance but leave the town with a contrary labor contract. Joinder of the union would preclude assertions by it of terms of the contract, compliance with which would be contrary to a judgment favorable to plaintiff. This argument is not persuasive. As noted in a case upon which defendants rely, not all unilateral action by an employer necessarily violates the obligation to bargain. *Norwich v. Norwich Fire Fighters*, 173 Conn. 210, 215, 377 A.2d 290 (1977); *see also NLRB v. Katz*, 369 U.S. 736, 747–48, 82 S.Ct. 1107, 1113–14, 8 L.Ed.2d 230 (1961). A union has been held not to be an indispensable party in an Equal Pay Act action brought by the Secretary of Labor, notwithstanding that union knowingly and actively participated in the negotiation of the collective bargaining agreement which was alleged to contain discriminatory wage rate differentials, *Dunlop v. Beloit College*, 411 F.Supp. 398, 401 (W.D.Wisc.1976):

> Were the [absent] Union [subsequently] to bring suit against defendant to challenge the payment of higher, equalized wage rates to female employees after a judicial determination that defendant was obligated to equalize its wage rates, such a suit would have to be characterized as frivolous. The risk of being party to a frivolous lawsuit is not the 'substantial' risk contemplated by Rule 19.

Similarly, absent joinder of the union the risk of a potential unfair labor practice charge is insubstantial.

■ However, sound discretion merits the joinder of the union, under Rule 19(a)(1). Notwithstanding contrary authority, *see, e.g., Dunlop*, 411 F.Supp. 398; *Marshall v. Eastern Airlines, Inc.*, 474 F.Supp. 364 (S.D.Fla.1979) (labor union not an indispensable party to action alleging airlines violated ADEA even though conduct complained of may simply have been compliance with terms of collective bargaining agreement), the proper adjudication of a discrimination claim against an employer has been held to merit joinder of plaintiff's union so as to assure that complete, final, and secure relief is accorded between or among the parties. *See, e.g., Townsend v. Exxon Co.*, 420 F.Supp. 189 (D.Mass.1976) (plaintiff in a civil rights action seeking reinstatement with retroactive seniority, without any allegation of discriminatory practices by the union, union is necessary party as it would be affected if court granted reinstatement with seniority); *Lynch v. Sperry Rand Corp.*, 62 F.R.D. 78 (S.D.N.Y.1973) (class action on behalf of all present and former male employees where pension plan allegedly discriminated against male employees and retirees in favor of female employees, unions which had negotiated the collective bargaining agreements were indispensable parties); *EEOC v. United States Pipe & Foundry Co.*, 375 F.Supp. 237 (N.D.Ala.1974) (action by EEOC alleging discriminatory seniority system established by union contract, union was an indispensable party).

Having negotiated the collective bargaining agreement provision herein challenged, as it is embodied in the town pension plan ordinance, the absent union clearly has an interest in this litigation, and is no less entitled to be heard. Adjudication of plaintiff's claim necessarily will adjudicate the union's right to enforce the contract it has negotiated. The court is entitled to hear the union's views. *See Lynch*, 62 F.R.D. at 86–87. Accordingly, and in conformity with the practice adopted in *Lynch*, the defendants are directed forthwith to give notice of this lawsuit to the Manchester Police Union. The union may then join this action as a party plaintiff. Failing to do so on or before April 13, 1984, after having been so advised, it will be added as a party defendant. In conformity with this memorandum, defendants' motion is granted.

SO ORDERED.