**HOLSTEN IMPORT CORP.**

v.

**RHEINGOLD CORP. et al.**

No. 67 Civ. 4812.

United States District Court
S. D. New York.

March 19, 1968.

Cadwalader, Wickersham & Taft, New York City, for plaintiff; P. Jay Flocken, New York City, of counsel.

Ide & Haigney, New York City, for defendant; Jerome Schlapik, New York City, of counsel.

COOPER, District Judge.

Plaintiff moves pursuant to Rule 12 (b), F.R.Civ.P., to dismiss defendants' first counterclaim for failure to state a claim upon which relief can be granted and their second counterclaim for lack of jurisdiction over the subject matter. Motion granted as to the first counterclaim but denied as to the second.

■ While the first counterclaim alleges a practice as disadvantageous and reprehensible as that embraced in the complaint, the language of section 43(a) of the Lanham Act, 15 U.S.C. § 1125, leaves us with no alternative but to dismiss. False representations made by plaintiff about defendants' product do not fall within the purview of that section. See Smith-Victor Corp. v. Sylvania Electric Products, Inc., 242 F.Supp. 302, 310 (N.D.Ill.1965); Gold Seal Co. v. Weeks, 129 F.Supp. 928, 940 (D.D.C. 1955), aff'd, 97 U.S.App.D.C. 282, 230 F.2d 832 (1956); Cf. Glenn v. Advertising Publications, Inc., 251 F.Supp. 889, 904–905 (S.D.N.Y.1966).

■■ Dismissal of the first counterclaim removes section 1338, 28 U.S.C., as a basis upon which to predicate jurisdiction over the second counterclaim. There being, however, a "logical relationship" between the claim advanced in

the second counterclaim and the claims asserted in the complaint, the second counterclaim should be considered compulsory. United Artists Corp. v. Masterpiece Productions, Inc., 221 F.2d 213 (2d Cir. 1955); E. J. Korvette Co. v. Parker Pen Co., 17 F.R.D. 267 (S.D.N.Y.1955). Since jurisdiction over compulsory counterclaims is ancillary to the original jurisdiction of the Court, no independent jurisdictional basis need be shown. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750 (1926); United Artists Corp. v. Masterpiece Productions, Inc., supra.

We do not pass upon defendants' contention that section 1332, 28 U.S.C., provides a jurisdictional basis for the claim of defendant Rheingold Breweries, Inc. (New Jersey).