ALBERTO–CULVER COMPANY, a
corporation, Plaintiff,

v.

The GILLETTE COMPANY, a corpora-
tion, and J. Walter Thompson Com-
pany, a corporation, Defendants.

No. 74C2017.

United States District Court,
N. D. Illinois, E. D.

March 10, 1976.

Russell M. Baird, Henry L. Mason, III, Philip J. Crihfield, Chicago, Ill., for defendants.

AUSTIN, Senior District Judge.

## RULING ON MOTION

On July 19, 1974, Plaintiff initiated this action by filing a four-count complaint alleging that Defendants, by means of a television commercial, had misrepresented the qualities of their own and Plaintiff's hair rinse products. In November 1974 Plaintiff amended the complaint by adding an allegation of conspiracy and two counts under the Sherman Act.

Plaintiff now moves to further amend the complaint by deleting one of the Sherman Act counts and adding factual allegations of misrepresentation under the original counts. The proposed allegations state that the misrepresentations contained in the first television commercial "were subsequently exploited in print advertisement, point of sale displays, promotional materials and a follow-up television commercial identified as 'Shower' . . . ."

Defendants object to these new allegations on the grounds (1) that the amendment is offered so late in the case as to severely prejudice Defendants and (2) that no jurisdiction exists with respect to the new allegations.

For the reasons that follow, Plaintiff's motion must be granted.

### I.

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a complaint must be freely given in the absence of some justification for refusal. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 225 (1962); *see generally* 3 *Moore's Federal Practice* ¶ 15.08[2]. The central inquiry in each case is whether an amendment would result in undue prejudice to the defendant. *See, e. g., United States v. Hougham,* 364 U.S. 310, 316, 81 S.Ct. 13, 17, 5 L.Ed.2d 8, 14 (1960); *Strauss v.*

W. Thomas Hofstetter, Chicago, Ill., for plaintiff.

*Douglas Aircraft*, 404 F.2d 1152, 1158 (2d Cir. 1968).

Defendants contend that an amendment adding the "Shower" commercial allegations would result in several forms of prejudice. Additional discovery would be required, and a trial would be unduly delayed. Witnesses having information relevant to the new claims would be unavailable for trial. In addition, Defendants point out that Plaintiff was aware of the "Shower" commercial early in 1975, yet failed to ask leave to amend until a year later.

Defendants rely heavily upon the Court's opinion in *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383 (N.D.Ill.1975), where the plaintiffs were denied permission to file an amended complaint adding new parties and counts five years after the original complaint had been filed. The facts here, however, are clearly distinct from those in *Cherney*, particularly in that Plaintiff's proposed amendment does not add entirely new and separate claims or join additional parties. Rather, it seeks only to allege, under already existing counts, occurrences that have taken place since the last complaint was filed. In *Cherney*, although most of the proposed amendments were disallowed, the plaintiffs were permitted this exact kind of supplementation of an existing count. *See* 68 F.R.D. at 387.

Almost every amendment of a complaint results in some prejudice to the defendant. New discovery and delay inevitably follow when a Plaintiff significantly supplements its complaint. The test in each case then, must be whether *undue* prejudice would result. The district court, in exercising its discretion, must balance the general policy behind Rule 15—that controversies should be decided on the merits—against the prejudice that would result from permitting a particular amendment. Only where the prejudice outweighs the moving party's right to have the case decided on the merits should amendment be prohibited.

Although I must characterize Plaintiff's conduct as somewhat dilatory, I conclude that the amendment will not unduly prejudice Defendants. Neither the parties to nor the theory of the lawsuit will be altered, and consequently additional discovery and delay should be limited.

There is a reference in the briefs to a third commercial not specified in the amendment. I caution Plaintiff that any further unwarranted delay in supplementing the complaint may be less sympathetically viewed.

## II.

 Defendants also contend that because the "Shower" commercial makes no reference to Plaintiff's product or trademark the proposed allegations do not state a claim under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff responds that the Lanham Act provides competitors with a cause of action for the false advertising of one's own product, either alone or in comparison with the goods of a competitor. I must agree with Plaintiff.

The statute imposes liability upon "[a]ny person who shall . . . use in connection with any goods or services . . . any false description or representation . . .". 15 U.S.C. § 1125(a). Although I agree that this section "does not have boundless application as a remedy for unfair trade practices," *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir. 1974), and that Congress did not intend "to make the federal courts repositories of all common law unfair competition actions," *Iding v. Anasten*, 266 F.Supp. 1015, 1018 (N.D.Ill.1967), it is generally accepted that § 1125(a) creates a federal cause of action for false representation of goods in commerce. *Alum-a-Fold Shutter Corp. v. Folding Shutter Corp.*, 441 F.2d 556, 557 (5th Cir. 1971); *Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405 (6th Cir. 1963); *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc.*, 214 F.2d 649, 651 (3d Cir. 1954); *American Heritage Life Ins. Co., v. Heritage Life Ins. Co.*, 494 F.2d 3, 14 (5th Cir. 1974); *Bernard Food Industries, Inc. v. Dietene*

*Company,* 415 F.2d 1279 (7th Cir. 1969); *Natcontainer Corp. v. Continental Can Co.,* 362 F.Supp. 1094, 1100 (S.D.N.Y. 1973). A plaintiff is not required to allege "palming off" of defendant's product as plaintiff's. *L & L White Metal Casting Corp. v. Joseph,* 387 F.Supp. 1349 (E.D.N.Y.1975); *Glenn v. Advertising Publications,* 251 F.Supp. 889 (S.D.N. Y.1966); *General Pool Corp. v. Hallmark Pool Corp.,* 259 F.Supp. 383 (N.D.Ill. 1966). Nor must the allegations involve misuse of a trademark. *E. g., Natcontainer Corp. v. Continental Can Co., supra; Glenn v. Advertising Publications, supra.*

An allegation of false advertising is sufficient to support a claim of "false representation" under section 1125(a). In *L'Aiglon Apparel, Inc. v. Lana Lobell, Inc., supra,* the court noted that "this statutory tort bears closest resemblance to the tort of false advertising to the detriment of the competitor." 214 F.2d at 651. The court in *Dunhill, Ltd. v. Interstate Cigar Co., Inc., supra,* while recognizing the limited scope of the statute, found it applicable "to false advertising as that term is generally understood." 499 F.2d at 237. Other courts have directly held misrepresentation and false advertising actionable under the Lanham Act. *Gold Seal Co. v. Weeks,* 129 F.Supp. 928 (D.D.C.1955), *aff'd, S. C. Johnson & Son v. Gold Seal Co.,* 97 U.S. App.D.C. 282, 230 F.2d 832 (D.C.Cir. 1956), *cert. denied,* 352 U.S. 829, 77 S.Ct. 41, 1 L.Ed.2d 50 (1956); *Smith-Victor Corp. v. Sylvania Electric Products, Inc.,* 242 F.Supp. 302 (N.D.Ill.1965); *Mutation Mink Breeders Ass'n v. Lou Nierenberg Corp.,* 23 F.R.D. 155 (S.D.N.Y.1959); *Ames Pub. Co. v. Walker-Davis Publications,* 372 F.Supp. 1 (D.C.Pa.1974); *Glenn v. Advertising Publications, supra.* The statute does not encompass, however, false representations of another person's, including a plaintiff's, products or services. *Bernard Food Industries, Inc. v. Dietene Co., supra; Holsten Import Corp. v. Rheingold Corp.,* 285 F.Supp. 607 (S.D.N.Y.1968).

Defendants argue that false advertising is actionable only where it compares a defendant's product to a plaintiff's. Neither the statute nor the cases cited above require such a comparison. Although *Bernard Food Industries v. Dietene Co., supra,* involved comparative advertising, the case did not turn on that fact. *Bernard Food* stands for the proposition that the Lanham Act does not embrace misrepresentations about a competitor's product. The court, without mentioning any requirement of comparison, recognized that the Act does embrace "false or deceitful representations which the manufacturer or merchant makes about his own goods or services." 415 F.2d at 1284. Similarly, this Court's decision in *Skil Corp. v. Rockwell International Corp.,* 375 F.Supp. 777 (N.D.Ill. 1974), was based upon allegations of misrepresentations of a defendant's own product, not upon the comparative nature of the advertising involved.

There is some support, including an opinion of this Court, for a more restricted interpretation of section 1125(a). *Samson Crane Co. v. Union National Sales, Inc.,* 87 F.Supp. 218 (D.Mass.1949), *aff'd,* 180 F.2d 896 (1st Cir. 1950); *Gen. Pool Corp. v. Hallmark Pool Corp., supra.* The *Samson Crane* case, however, is at best weak precedent, *see Skil Corp. v. Rockwell Int'l Corp., supra* at 785–86, and the principles of *General Pool* lost most of their effect after *Bernard Food.* Id. at 783–84.

The clear trend and weight of authority is to interpret the Lanham Act to encompass a claim of false advertising, provided that the misrepresentation relates to the defendant's own product or service. I conclude, therefore, that the proposed allegations as to the "Shower" commercial are cognizable under the Lanham Act. Plaintiff alleges a misrepresentation of Defendant Gillette's product, and this Court has jurisdiction over such a claim.

Plaintiff's motion to amend the complaint is granted.