**CINEMA SYSTEMS, INC., Plaintiff,**

v.

**LAB METHODS CORPORATION, Defendant.**

**No. 82 C 2937.**

United States District Court, N. D. Illinois, E. D.

Aug. 12, 1982.

---

Irving Faber, Chicago, Ill., for plaintiff.

William E. Fogel, Chicago, Ill., Jerry Freeman, Sherman Oaks, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiff Cinema Systems, Inc. ("Cinema"), an Illinois corporation with its principal place of business in Bristol, Wisconsin, brought this diversity action against Lab Methods Corporation ("LMC"), a California corporation with its principal place of business in Los Angeles. Cinema seeks to recover an unpaid balance of $38,832.03 from LMC for certain microprocessing equipment LMC contracted to purchase from Cinema. Presently before this Court is a motion by LMC to transfer venue to the Central District Court of California pursuant to 28 U.S.C. § 1404(a).[1]

---

1. It is unnecessary to consider LMC's alternative motion to dismiss plaintiff's complaint under 28 U.S.C. § 1406. The parties do not dispute that Cinema is incorporated in Illinois. Cinema is, therefore, a resident of Illinois and

has complied with 28 U.S.C. § 1391(a) which provides:

A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought

■ In addressing LMC's motion to transfer, this Court proceeds from the premise that, since plaintiff is a citizen of this judicial district, its choice of venue is entitled to considerable deference. *Hess v. Gray*, 85 F.R.D. 15, 24 (N.D.Ill.1979). Consequently, the burden lies with the defendant to persuade the Court that the considerations embodied in § 1404(a)[2] weigh heavily in favor of transfer. *Illinois Tool Works, Inc. v. Sweetheart Plastics, Inc.*, 436 F.2d 1180, 1188 n.19 (7th Cir. 1971); *Cunningham v. Cunningham*, 477 F.Supp. 632, 634 (N.D.Ill.1979). Whether this burden has been met is a decision committed to the discretion of this Court upon a review of all the circumstances which surround the controversy.[3] *General Foods Corp. v. Carnation Co.*, 411 F.2d 528, 533 (7th Cir. 1969); *Hess, supra*, 85 F.R.D. at 23. Rather than merely shifting the burden of inconvenience from one party to another, the Court's discretion is directed to minimizing the inconvenience between the parties and striking a proper balance in the interests of justice. *Bodine's Inc. v. Sunny-O, Inc.*, 494 F.Supp. 1279, 1286 (N.D.Ill.1980); *Blumenthal v. Management Assistance, Inc.*, 480 F.Supp. 470, 474 (N.D.Ill.1980).

On or about October 9, 1980, Richard Jahnke, the president of Cinema, and Charles Thomas, an agent of Cinema, signed a purchase order wherein they agreed to sell and deliver 50 microprocessor computers to LMC for $2,750.00 apiece. Pursuant to the contract, the computers were shipped to LMC in regular installments, beginning in November, 1980. LMC then resold the computers to various cus-

tomers located primarily in the western United States. The unpaid balance of $38,-832.03 represents the cost of the computers that Cinema shipped to LMC in April and May of 1981. On May 6, 1982, LMC filed a complaint against Cinema, Jahnke and Thomas in the Los Angeles County Superior Court alleging breach of contract and breach of warranty. LMC asserted therein that a number of the machines it purchased under the October, 1980, contract were defective. Cinema filed the present action against LMC on May 12, 1982.

■ Both parties have asserted that their principal officers were involved in the negotiation of the contract at issue in this case.[4] With the exception of Cinema's agent, the individuals involved in those negotiations reside outside of Illinois. A trial of this matter in this district would, therefore, require that officers of Cinema as well as LMC travel from the principal places of their respective businesses. A trial of this matter in the Central District of California, although requiring plaintiff's officers to travel a greater distance, would eliminate the need for LMC's officers to travel from their principal place of business. Transfer of this action to California would not, therefore, merely shift the burden of inconvenience from one party to another.

A variety of other factors dictate that this suit be transferred to the Central District of California. First, the substance of LMC's defense to this action was raised in a lawsuit filed by LMC against Cinema in California several days prior to the filing of

---

only in the judicial district where all plaintiffs reside, or in which the claim arose.

**2.** 28 U.S.C. § 1404(a) provides:
For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

**3.** A prerequisite for transfer is whether venue is proper in both the transferor and transferee courts. This criterion has clearly been satisfied. Inasmuch as Cinema is incorporated in Illinois, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(a). Moreover, since LMC is a California corporation, venue is ap-

propriate in the District Court for the Central District of California under 28 U.S.C. § 1391(c).

**4.** The parties dispute whether the contract was signed by Jahnke and Thomas at O'Hare Airport in Chicago or in LMC's Los Angeles headquarters. Since LMC has the burden of proving that transfer is proper under 28 U.S.C. § 1404(a), this Court must accept O'Hare as the place at which the contract was signed. However, this conclusion does not alter the fact that the bulk of the evidence material to this dispute is located outside of Illinois. *See* discussion, *infra*.

this suit. Presumably, representatives of Cinema would be required to travel to California in any event to defend against that action.[5] Moreover, transfer of this action to the Central District of California may facilitate consolidation of these related claims.

Second, the material evidence supporting LMC's defense is located entirely outside of Illinois. LMC has listed four companies alleged to have purchased defective computer equipment that Cinema shipped to LMC. Three of those companies have offices in California and are probable nonparty witnesses for the defense.[6] Indeed, the bulk of the equipment at issue in this case is located in the western United States, including California. Proof of such a defense, as well as refutation of the defense, will require careful inspection of this equipment, none of which is located in Illinois. Proof of Cinema's breach of contract claim, on the other hand, should not involve substantial investigation or presentation of complex evidence. Indeed, LMC does not dispute the facts underlying Cinema's claim. The Court is unable to discern how the interests of justice could be served by forcing LMC in this breach of contract action in Illinois to prove a substantially more complex claim which it has already asserted in a lawsuit filed in the Los Angeles County Superior Court.

Accordingly, the Court finds that prosecution of this action in the District Court for the Central District of California will better serve the convenience of the parties and prospective witnesses and, in general, the interests of justice. LMC's motion to transfer is granted. It is so ordered.

---

**5.** Alternatively, to the extent this action was intended to render LMC's California suit academic and make travel to California unnecessary, Cinema's choice of forum is not entitled to considerable deference. In that event, the real plaintiff whose choice of forum is entitled to deference is LMC, not Cinema.

**6.** There is no indication on this record whether these non-party witnesses are hostile or otherwise unwilling to testify for the defense. We note the location of those businesses merely to manifest the relative inconvenience of producing these witnesses between the parties. We note also that if hostile, at least three of these companies could be compelled to testify only in California, not in Illinois.