**NORTH EASTERN MINING COMPANY, Plaintiff,**

v.

**DOROTHY COAL SALES, INC., Frank Carr and John Carr, Defendants.**

**No. TH 84–230–C.**

United States District Court, S.D. Indiana, Terre Haute Division.

Sept. 27, 1985.

Jeffrey R. Frank, Frank & Collins, Evansville, Ind., for plaintiff.

Michael Rosiello, Barnes & Thornburg, Indianapolis, Ind., for defendants.

## MEMORANDUM ORDER

BROOKS, District Judge.

This matter comes before the Court upon a motion by Dorothy Coal Sales, Inc., (Hereinafter "Dorothy") for leave to amend its counterclaim. North Eastern Mining Company, Inc., (hereinafter "North Eastern") and Atlas Coal Co., Inc., (hereinafter "Atlas Coal") oppose the motion on the grounds that Dorothy's motion is not timely, and if said motion is granted North Eastern and Atlas Coal would be unduly prejudiced.

On 16 August 1984 North Eastern filed its complaint in this case. Dorothy filed its answer and original counterclaim on 10 October 1984. In January of this year, Atlas Coal answered Dorothy's original counterclaim; North Eastern answered in March of this year. Dorothy filed the pending motion on 2 August 1985 with North Eastern and Atlas Coal responding on 19 August 1985. Dorothy submitted its reply brief on 29 August 1985.

The issue presented to the Court is whether to grant Dorothy's motion for leave to file its amended counterclaim. Dorothy, through its amended counterclaim seeks to add two additional counterdefendants-Walter Pieper and Atlas Fuels, Inc. Therefore, the Court must look to the Federal Rules of Civil Procedure to ascertain which rule should apply to this factual setting. Like so many procedural issues, the issue *sub judice* is one which cannot be appropriately dealt with by looking at just one rule.

Rules 21 and 15(a) of the Federal Rules of Civil Procedure govern the adding and dropping of parties. Rule 21 provides:

## RULE 21. MISJOINDER AND NON–JOINDER OF PARTIES

Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Rule 15 Provides:

## RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

(a) AMENDMENTS. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. *Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.* A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders. (Emphasis added)

■ Having read and considered both rules, the Court must now determine which rule governs the case at bar. The Court, recognizing the unsettled nature of the law in this area, finds that the United States District Court opinion in *Rollins Burdick Hunter of Wisconsin, Inc. v. Lemberger*, 105 F.R.D. 631, 636 (E.D.Wis.1985) is quite helpful. The issue in *Lemberger* was whether the plaintiff's motion falls under Rule 21 or Rule 15(a) of the Federal Rules of Civil Procedure. The *Lemberger* opinion noted that some courts have held that Rule 21 specifically provides for adding or dropping of parties, and Rule 15(a) simply sets forth a general amendment procedure.

*Lemberger* at 636–637. Furthermore, any conflict between the two rules is to be resolved in favor of the specific and against the general. Hence, those courts holding with the above apply Rule 21. The *Lemberger* court, however, noted Professor Wright's opinion as well. Professor Wright takes the position that "arguably, Rule 15 is the more specific Rule since it sets forth a particular means by which a party attempts to add or drop parties—by amendment to his pleadings—as opposed to Rule 21's more general treatment of the overall subject matter of dropping and adding parties." *Lemberger* at 633, citing 6 Wright and Miller, *Federal Practice and Procedure* § 1479 (1971). Thus, there is authority that the liberal standards upon which amendments are to be granted when leave of court is required pursuant to Rule 15(a) should also guide the trial judge in resolving motions to add parties under Rule 21. *Kaminsky v. Abrams*, 41 F.R.D. 168 (S.D.N.Y.1966); *Soler v. G. & U., Inc.*, 86 F.R.D. 524 (S.D.N.Y.1980). After discussing the above and recognizing that Dorothy's pending motion is couched pursuant to Rule 15(a), this Court has decided to view Dorothy's motion by the liberal standards of Rule 15(a).

As noted above, Rule 15(a) states that leave to amend a complaint "shall be freely given when justice so requires." The United States Supreme Court has indicated that the liberal amendment policy in Rule 15(a) is "a mandate to be heeded." *Foman v. Davis*, 371 U.S. 178, 186, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Moreover, the Seventh Circuit has adopted a liberal policy respecting amendments to pleadings to that cases may be decided on the merits and not on the basis of technicalities. *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir.1961); *Asher v. Harrington*, 461 F.2d 890, 895 (7th Cir.1972).

■ The standards for denying allowance of such a late amendment are that the opposing party will suffer undue prejudice by such allowance or that the delay has been "undue." *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–

**660**

331, 91 S.Ct. 795, 802–03, 28 L.Ed.2d 77 (1971). *Foman v. Davis, supra.*

■ Preliminarily, it bears noting that virtually every amendment of a complaint results in some degree of prejudice to a defendant, in that the new discovery generally will be delayed. Thus, it is not enough that a defendant will suffer prejudice from the amendment, that prejudice must be undue. *Hess v. Gray,* 85 F.R.D. 15, 20 (N.D. Ill.1979).

■ North Eastern and Atlas Coal oppose Dorothy's motion on the grounds that the proposed amended counterclaim was not timely filed and, if said motion is granted North Eastern and Atlas Coal would be unduly prejudiced by the same. Despite North Eastern and Atlas Coal's argument that Dorothy should not be permitted to amend, the opponents have made no showing that they would be "unduly" prejudiced by the proposed amendment. Essentially, the amended counterclaim alleges no new theories for recovery; Dorothy merely wishes to add two additional counter defendants. As mentioned supra, the prejudice must be "undue" *Zenith* and *Hess, supra.*

The opponents further argue that substantial discovery has been conducted in this matter, and if Dorothy's motion is granted it would be unduly burdensome to the opponents. This argument is not supported by the evidence. In fact, no depositions have been conducted, no trial date has been set and only recently have the parties exchanged documents for the first time.

By applying the liberal standards in Rule 15(a), the Court finds that North Eastern and Atlas Coal have not convinced the Court that, if granted, Dorothy's motion will unduly burden them.

Atlas Coal and North Eastern also contend that Dorothy unduly delayed in bringing its amended counterclaim. The Court recognizes that there is some evidence of a delay, but it is not of the type to be "undue" or cause substantial prejudice to North Eastern or to Atlas Coal. Consequently, this Court by invoking its broad discretion holds that the opponents have not convinced the Court that any undue prejudice will result if Dorothy's motion is granted.

Accordingly, it is ORDERED that Dorothy's Motion to Amend its Counterclaim is GRANTED.