**James R. GOODIN, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

**No. 88–3278.**

United States District Court, S.D. Illinois.

July 12, 1988.

Bruce N. Cook, Belleville, Ill., for plaintiff.

Thomas J. Prebil, St. Louis, Mo., for defendant.

## MEMORANDUM AND ORDER

STIEHL, District Judge:

Before the Court is defendant's Motion to Transfer Venue under 28 U.S.C. § 1404(a). Defendant is a Delaware corporation whose principle place of business is in Texas. Plaintiff is an Illinois resident. Plaintiff's complaint alleges a cause of action which arose in Pike County, Missouri. Defendant requests transfer to either the Eastern District of Missouri, where the accident occurred and where plaintiff received the bulk of his medical treatment, or to the Central District of Illinois, where plaintiff resided at the time of the alleged injury.

When ruling on a 1404(a) motion, a federal district court must first determine whether it has venue over the cause of action. Under 28 U.S.C. § 1391(c), "a corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business." Defendant is incorporated in Delaware and has its principal place of business in Texas. Plaintiff has alleged that defendant does business in the Southern District of Illinois and defendant has not denied that claim. The Court, therefore, finds that venue is proper in this district.

Once a district court has determined that venue is proper in its district, it can consider a change in venue under 28 U.S.C. § 1404(a). Section 1404(a) states that "for the convenience of the parties and witnesses in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." Under this section, federal courts were given more discretion to transfer a case than they had had under the common law doctrine of forum non conveniens. *Hess v. Gray*, 85 F.R.D. 15 (N.D.Ill.1979). Section 1404(a) requires the moving party to show less inconvenience to transfer a case than was required by forum non conveniens. *Coffey v. Van Dorn Ironworks*, 796 F.2d 217 (7th Cir.1986). Nevertheless, the movant must still persuade the court that the transferee forum is more convenient for the parties and witnesses, and that the interest of justice favors a transfer. *Id.* at 219; *Cinema Systems Inc. v. Lab Methods*, 545 F.Supp. 403 (N.D.Ill.1982); *Hess v. Gray*, 85 F.R.D. 15 (N.D.Ill.1979).

Defendant contends that the first criteria of § 1404(a), convenience of the parties, favors a transfer to either the Eastern District of Missouri or the Central District of Illinois. Because the accident occurred in Louisiana, Missouri, defendant asserts that all the material witnesses to the accident will be found there or in surrounding Pike County, an area within the Eastern District of Missouri. Also, members of defendant's train crew reside in an area of Illinois within the Central District. None of the witnesses reside or work within the Southern District. Thus, to transport and maintain witnesses for a trial in the Southern District would allegedly be excessively expensive, burdensome, and inconvenient to defendant.

A recognized premise is that plaintiff's choice of forum will be respected unless the balance is strongly in favor of defendant's motion to transfer. *Lemke v. St. Margaret Hosp.*, 552 F.Supp. 833 (N.D.Ill. 1982). Examples of when defendant's motion to transfer outweighs defendant's chosen forum include: when none of the conduct complained of occurred in that forum,

when both parties must rely on evidence of events entirely removed from that district, and when plaintiff is not a resident of the judicial district where the case is brought. *Chicago, R.I. & Pac. R.R. v. Igoe*, 220 F.2d 299 (7th Cir.1955), *cert. denied*, 350 U.S. 822, 76 S.Ct. 49, 100 L.Ed. 735 (1956); *Hess v. Gray*, 85 F.R.D. 15 (N.D.Ill.1979). Each of these circumstances is present in the case at bar. Because plaintiff's cause of action has no connection with the Southern District, but arose in the Eastern District of Missouri where most of the witnesses are located, this Court feels that the plaintiff would not be inconvenienced if the case were transferred to the Eastern District of Missouri. In fact, the Court's responsibility of minimizing the inconvenience of both parties and striking a balance in the interest of justice would be met. *Cinema Systems Inc. v. Lab Methods*, 545 F.Supp. 403 (N.D.Ill.1982).

The Court, however, cannot conclude that transfer is warranted solely on the grounds of convenience to the parties. *Hess*, 85 F.R.D. at 24. The defendant must also show that the second criteria of § 1404(a), convenience to the witnesses, favors a transfer. Because the witnesses are located in the Pike County, Missouri area or the Pittsfield, Illinois area, defendant contends that transferring the case to either the Central District of Illinois or Eastern District of Missouri would save time, reduce expense, and prevent undue burden to the witnesses.

When examining convenience to the witnesses, the Court must consider not only the number of potential witnesses, but also the nature and quality of their testimony and why they can be compelled to testify. *Coats Company, Inc. v. Vulcan Equip. Co.*, 459 F.Supp. 654 (N.D.Ill.1978). While depositions can be used in place of live testimony, the court should try to secure live presence of the more material witnesses whenever possible. *Id.* at 657; *Hess*, 85 F.R.D. at 25. Under Fed.R.Civ.P. 45(e), a subpoena compelling a witness to attend a trial may be served at any place within the district, or at any place out of the district that is within 100 miles of the place of the hearing or trial. Although plaintiff points

out that each district courthouse location appears to be virtually equi-distant from the place of the accident, the Southern District of Illinois is the least convenient in terms of subpoenaing unwilling witnesses. However, most, if not all, of the witnesses who are knowledgeable about the accident are located in the Pike County, Missouri area, which is in the Eastern District of Missouri. Likewise, plaintiff received the bulk of his medical treatment at a hospital in St. Louis County, Missouri which is also in the Eastern District of Missouri. Hence, since the better forum is where live testimony can be compelled, the Eastern District of Missouri appears to be a more appropriate district than the Southern District of Illinois. *Hess*, 85 F.R.D. at 25; *Coats Co.*, 459 F.Supp. at 658; *Igoe*, 220 F.2d at 304.

Finally, in a § 1404(a) motion, defendant must convince the Court that the case should be transferred in the interest of justice. Here, defendant alleges that because of the high cost of compelling the attendance of witnesses in the Southern District of Illinois and the difficulty of obtaining access to sources of proof there, justice would be better served if the case were tried in either the Central District of Illinois or the Eastern District of Missouri. Also, since the controversy has no connection with the Southern District of Illinois, the defendant contends that this district should not have to bear the expense and burden of trying this case.

According to the Seventh Circuit, "interest of justice" is a separate component of § 1404(a) analysis which refers to the efficient administration of the court system. *Coffee v. Van Dorn Ironworks*, 796 F.2d 217 (7th Cir.1986). In fact, it may be the determinative factor when considering whether to transfer a particular case even if the convenience of the parties and witnesses call for a different result. *Id.* at 220. When determining whether a case should be transferred in the interest of justice, the court may take many factors into consideration, including whether the burden of a jury trial should be imposed on a forum that has no relation to the litiga-

tion. *Igoe*, 220 F.2d at 304; *Hess*, 85 F.R.D. at 26. In the present case, plaintiff's cause of action has no connection with the forum he chose. Hence, it appears that the interest of justice would be better served if the district where the claim arose bore the burden of trying this case.

 Accordingly, the Court finds that § 1404(a) warrants defendant's motion to transfer venue. In light of the location of the alleged accident, parties, and witnesses, the Court finds that the Eastern District of Missouri is the most convenient federal district in which to litigate this dispute. Also, the interests of justice will be best served if the case is tried in the Eastern District of Missouri. The Court, therefore, GRANTS defendant's motion to transfer venue and transfers this cause of action to the United States District Court for the Eastern District of Missouri. The Clerk of the court is directed to prepare the file for transfer.

IT IS SO ORDERED.